(No. 14600.—Judgment reversed.)

The People *ex rel.* Edward J. Brundage, Attorney General, *et al.* Defendants in Error, *vs.* James Bruno, Plaintiff in Error.

*Opinion filed June 21, 1922.*

Prohibition—*temporary injunction cannot be continued without preliminary hearing and notice—contempt.* A temporary injunction issued under section 22 of the Prohibition act cannot be continued in force beyond the period of five days from the time it originally issued unless the court sets the case for preliminary hearing and gives the defendant five days' written notice, and if no notice is given and no hearing had the defendant cannot be prosecuted for contempt in violating the injunction after the expiration of the five days. (*People* v. *Burchek,* 302 Ill. 437, followed.)

Writ of Error to the County Court of Sangamon county; the Hon. J. B. Weaver, Judge, presiding.

Edmund Burke, and L. E. Stone, for plaintiff in error.

Edward J. Brundage, Attorney General, C. F. Mortimer, State's Attorney, and George C. Dixon, (H. E. Fullenwider, of counsel,) for defendants in error.

Mr. Justice Stone delivered the opinion of the court:

The defendants in error, Edward J. Brundage, Attorney General, and C. F. Mortimer, State's attorney, on the 20th day of December, 1921, filed in the county court of Sangamon county an information against plaintiff in error and others, alleging that they were owners of certain premises in the city of Springfield; that plaintiff in error had sold intoxicating liquor on said premises and had otherwise so used them that they thereby became and were a common nuisance as defined by the Prohibition act. The information sought a writ of injunction against plaintiff in error and said premises. A motion for temporary injunction was filed, supported by the affidavit of William Stevenson that

he purchased from the plaintiff in error on November 22, 1921, one bottle of whisky and two drinks of whisky on the premises described in the information. A temporary writ of injunction was issued on this motion and the writ was served on the plaintiff in error. The writ of injunction was served on December 31, 1921, and the five days' notice required by statute was not at any time served upon him. On January 10, 1922, an information charging plaintiff in error with contempt for violation of the temporary injunction was filed, alleging that he had again sold liquor on said premises on January 7, 1922. Plaintiff in error was upon this information arrested, and on a hearing on the information contended, among other grounds for the dismissal thereof, that there was no injunction in force and effect at the time he was alleged to have violated it, and that no notice had ever been given him as required by the statute. These contentions were overruled and plaintiff in error held to be in contempt and given an opportunity to purge himself. He filed his sworn answer and certain affidavits, which, however, were held to be insufficient, and the county court held that he had not purged himself of contempt and sentenced him to pay a fine of $500 and to imprisonment for a period of six months.

Plaintiff in error contends that section 22 of the Prohibition act, under which the injunction was issued, is unconstitutional; that the record shows that no notice was given him as required by said section. This question, on practically the same condition of the record, was before this court in *People* v. *Burchek,* 302 Ill. 437, where the statute was construed as requiring that the court granting a temporary writ of injunction shall set the case on preliminary hearing on whether the injunction issued shall continue in force, and give the defendant five days' written notice of the date of the preliminary hearing; that where no notice has been given the defendant of a preliminary hearing and no such hearing has been had, the court issuing the injunc-

tion has no authority to continue it in force beyond the five-day period. While in this case service of the writ of injunction was not had on the plaintiff in error until December 31, 1921, it appears that no notice of a preliminary hearing was ever served upon him. Under this state of the record what we said in *People* v. *Burchek, supra,* is controlling here, and the judgment must therefore, for the reasons therein given, be reversed. This being true, it does not become necessary to pass upon other objections raised.

*Judgment reversed.*