**The People of the State of Illinois ex rel. Martin Drury, City Attorney, Defendant in Error, v. Eva Redd, alias Eva Muse, Plaintiff in Error.**

1.  INTOXICATING LIQUORS—*how long temporary injunction continues in effect.* Under Cahill's St. ch. 43, ¶ 21, providing that a place selling intoxicants contrary to law is a common nuisance, and Cahill's St. ch. 43, ¶ 23, providing that if a judge is convinced by affidavits or otherwise that such nuisance exists he shall issue an injunction to restrain such acts with 5-days' written notice to defendant of preliminary hearing thereon, if no such 5-days' notice is given nor hearing had, the temporary injunction will not remain in force longer than 5 days and any act contrary to the injunction thereafter will not be in contempt thereof.

2.  APPEAL AND ERROR—*when matter set forth in printed argument not considered.* If the abstract and record of a case on writ of error do not show any order making permanent a temporary injunction alleged to have been entered a month earlier than the one actually shown, the court cannot regard a copy of such purported order in defendant's printed argument.

Error by defendant to the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the October term, 1926. Reversed. Opinion filed February 19, 1927.

F. J. TECKLENBURG, N. W. PARDEN and L. P. ZER-WECK, for plaintiff in error.

H. C. LINDAUER, State's Attorney, and MARTIN DRURY, City Attorney, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On August 20, 1925, the city attorney of East St. Louis filed in the city court what is referred to in the arguments as a bill for injunction against plaintiff in error under section 22 of the Illinois Prohibition Act [Cahill's St. ch. 43, ¶ 23].

The bill alleges that on the 13th day of August, 1925, one Joseph Murphy purchased intoxicating liquor of plaintiff in error on the property described in the bill, and that on three different dates prior to the filing of the bill the police department of the city of East St. Louis had found intoxicating liquor upon said premises. The bill prayed that the court issue a temporary injunction restraining plaintiff in error and one M. A. Muse, who was also named as defendant, and their agents and servants from maintaining or assisting in maintaining the nuisance alleged to exist, and that upon a hearing of the cause upon the merits an injunction for the same purpose be issued for a period of one year. Later the bill was dismissed as to said M. A. Muse. A temporary injunction was ordered restraining plaintiff in error and her codefendant from continuing and maintaining the said nuisance until there should be a final hearing upon the merits of this cause and restraining them from removing any liquor or fixtures from said premises until the further order

of the court. Upon the day this temporary injunction was ordered a chancery summons returnable to the September term, 1925, of the city court, was issued and served upon plaintiff in error and also an injunction writ restraining her from maintaining the alleged nuisance until a final hearing upon the merits of the cause. On the 23rd day of October, 1925, that being one of the days of the September term of said court, a decree was entered finding that plaintiff in error had been duly served with process of summons on the 20th day of August, 1925, but that she had failed to appear and default was entered against her, and it was adjudged that she be restrained from selling, keeping, bartering, delivering or storing any intoxicating liquor upon the premises involved, and that said premises should not be occupied for a period of one year from the date of the decree. On October 28, 1925, the said city attorney filed in the city court a petition for citation against plaintiff in error to appear and show cause why she should not be adjudged in contempt of court for a violation of the temporary injunction. This petition alleges that certain police officers on the 18th day of October, 1925, raided said premises and found in the possession of plaintiff in error upon the said premises a large quantity of intoxicating liquor. On October 30, 1925, an attachment was issued upon this petition against plaintiff in error, but was not served until the 21st day of May, 1926. Upon the trial under this attachment, plaintiff in error was found guilty of contempt of court and sentenced to ten months in jail and to pay a fine of $1,000. This writ of error has been sued out to reverse that judgment.

It is argued by plaintiff in error that the order finding her in contempt of court for violation of the injunction cannot stand for the reason that there was no injunction in force at the time she is alleged to have violated the same. Section 21 of the Prohibition Act [Cahill's St. ch. 43, ¶ 21] provides, in substance, that

any room or house where intoxicating liquor is manufactured, kept or bartered in violation of the act is declared to be a common nuisance. Section 22 [Cahill's St. ch. 43, ¶ 23] provides that if it is made to appear by affidavits or otherwise to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial. That section further provides:

"Upon the granting of said temporary injunction and five days' written notice being given to the defendant, the court shall set the matter down for a preliminary hearing on the question of whether said temporary injunction shall be dissolved or remain in full force until the final hearing of the cause." It should be noted that this temporary injunction was issued and served upon plaintiff in error on August 20, 1925. The decree of the city court purporting to make that temporary injunction permanent was entered on the 23rd day of October, 1925. Plaintiff in error is charged with violating the injunction on the 18th day of October, 1925, or five days before the temporary injunction was made permanent. It also clearly appears from the evidence that plaintiff in error was not given the five days' notice provided for in section 22 [Cahill's St. ch. 43, ¶ 23], upon the granting of the temporary injunction. She could not be found guilty of violating the permanent injunction on the 18th day of October because such permanent injunction was not issued until the 23rd day of October, therefore if guilty of contempt of court for violating an injunction it must have been the temporary injunction issued on August 20. Plaintiff in error contends this temporary injunction was void and not in force on October 18 for the reason that the five days' notice for preliminary hearing, as to whether it should remain in force provided for in

section 22 was not given her.    This position is well
taken.    In *People ex rel. Brundage v. Burchek*, 302 Ill.
437, the court held that while this preliminary hearing
need not be held within five days after the granting
of the temporary writ, yet that upon the granting of
the temporary writ the court must give five days'
notice that a preliminary hearing will be held for the
purpose of determining whether the temporary writ
shall remain in force until a hearing of the cause upon
its merits, and that if this notice is given such tempo-
rary writ will remain in force until such hearing even
though it did show such hearing was had more than
five days after the temporary writ was issued.    But it
was expressly held that unless such five days' notice
was given, the preliminary injunction should be void
and that the general rule that an injunction erroneously
issued by a court having jurisdiction is not void, but is
binding and valid on the party against whom it is is-
sued until reversed or set aside, is not applicable to a
temporary injunction issued under section 22 of the
Illinois Prohibition Act [Cahill's St. ch. 43, ¶ 23].    In
that case the alleged violation of the temporary in-
junction was ten days after it was issued and served,
but as there had not been any preliminary hearing or
notice given that the cause was set down for such hear-
ing, there could be no conviction for a violation of such
injunction.    The Supreme Court reaffirmed this hold-
ing in *People ex rel. Brundage v. Bruno*, 303 Ill. 362,
restating the doctrine "that where no notice has been
given the defendant of a preliminary hearing and no
such hearing has been had, the court issuing the in-
junction has no authority to continue it in force beyond
the five day period."    In this case no notice of such
preliminary hearing had been given, and no such hear-
ing had been had.    Therefore, the temporary injunction
was not in force longer than five days after it was is-
sued.    It having been issued August 20, it was there-

fore not in force on October 18, the day plaintiff in error was found guilty of having violated it.

In our discussion of this case, we have not overlooked the fact that the printed argument of defendant in error sets out in full what purports to be an order of said city court entered on September 22, 1925, making the temporary injunction permanent. It is sufficient to say that even if such an order entered on that date could have any force, we have carefully examined the abstract and record in the case and have been unable to discover this order. Under this state of the record what was said by the Supreme Court in the two cases above referred to is controlling in this case, and the judgment must therefore be reversed.

*Judgment reversed.*